```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LIYAN HE,                                          :
                                                   :       OPINION AND ORDER
                        Plaintiff,                 :
                                                   :       14 Civ. 2180 (AT) (GWG)
        -v.-                                       :
                                                   :
CIGNA LIFE INSURANCE COMPANY OF                    :
NEW YORK,                                          :
                                                   :
                        Defendant.                 :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Liyan He brings this action under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"), seeking long-term disability benefits under a policy issued by Cigna Life Insurance Company of New York ("Cigna"). Before the Court is Cigna's motion for a protective order, which would require plaintiff to maintain the confidentiality of sections of Cigna's Policies and Procedures manual (the "P&P") produced in this action.[1] For the reasons stated below, Cigna's motion is granted.

I.      BACKGROUND

Plaintiff was employed by Cornell University. See Complaint, filed Mar. 27, 2014 (Docket # 2), ¶ 7. Cigna issued a group long-term disability insurance policy to Cornell to benefit eligible Cornell employees, including plaintiff. Id. ¶¶ 8-10. Plaintiff filed a claim with

---

[1] See Cigna's Motion for a Protective Order, filed Apr. 22, 2015 (Docket # 49); Declaration of Richard M. Lodi, filed Apr. 22, 2015 (Docket # 50) ("Lodi Decl."); Cigna's Brief in Support of Motion for a Protective Order, filed Apr. 22, 2015 (Docket # 51) ("Def. Mem."); Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Protective Order, filed May 26, 2015 (Docket # 56) ("Pl. Opp'n"); Declaration of Jason Newfield in Opposition to Defendant's Motion for Protective Order, filed May 26, 2015 (Docket # 57) ("Newfield Decl."); Cigna's Reply Brief in Support of Its Motion for a Protective Order, filed June 5, 2015 (Docket # 60) ("Def. Reply").

Cigna for long-term disability benefits on July 2, 2012. See id. ¶¶ 12, 14. Cigna denied the claim, plaintiff appealed, and Cigna issued a decision upholding its denial of the claim on January 24, 2014. See id. ¶¶ 17-19. Plaintiff filed the instant action on March 27, 2014.

Cigna has produced to plaintiff certain portions of the P&P pursuant to an interim confidentiality agreement. See Def. Mem. at 1; Lodi Decl. ¶ 13; see also Ex. D to Lodi Decl. (list of the sections of the P&P that Cigna has produced in this action). We do not have before us any disputes about the scope of that production. Instead, plaintiff objects to Cigna's insistence that this production be maintained as confidential.

II.     APPLICABLE LAW

Fed. R. Civ. P. 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." As the Second Circuit has stated, "protective orders issued under Rule 26(c) serve 'the vital function . . . of secur[ing] the just, speedy, and inexpensive determination' of civil disputes . . . by encouraging full disclosure of all evidence that might conceivably be relevant." SEC v. TheStreet.Com, 273 F.3d 222, 229 (2d Cir. 2001) (quoting Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291, 295 (2d Cir. 1979)) (alterations in original). While there is a presumption of public access to "judicial documents," e.g., Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006), "[d]ocuments that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach," United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) (citation omitted).

Pursuant to Fed. R. Civ. P. 26(c)(1)(G), the court may issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be

revealed or be revealed only in a specified way." "Good cause" for the issuance of a protective order is established "when a party is able to show that a 'clearly defined, specific and serious injury' will occur in the absence of such an order." Qube Films Ltd. v. Padell, 2015 WL 109628, at *2 (S.D.N.Y. Jan. 5, 2015) (quoting McDonnell v. First Unum Life Ins. Co., 2012 WL 13933, at *1 (S.D.N.Y. Jan. 4, 2012)); accord Cohen v. Metro. Life Ins. Co., 2003 WL 1563349, at *1 (S.D.N.Y. Mar. 26, 2003) (citing Bank of N.Y. v. Meridien Biao Bank Tanz., Ltd., 171 F.R.D. 135, 143-44 (S.D.N.Y. 1997)); cf. Levy v. Ina Life Ins. Co. of N.Y., 2006 WL 3316849, at *1 (S.D.N.Y. Nov. 14, 2006) ("Where the party seeking a protective order does not demonstrate the materials to be actually sensitive, courts are not obliged to enter orders that limit the freedom of opposing counsel and require the court to police future use or public disclosure of materials obtained in discovery."). "The party seeking a protective order has the burden of showing that good cause exists for issuance of that order." E.g., Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004) (citation and alteration omitted).

III.  DISCUSSION

Cigna argues that the portions of the P&P it has produced should be subject to a protective order because "[t]he P&P is not publicly available and it would be valuable to Cigna's competitors, because it would give them information that they could not otherwise obtain." Def. Mem. at 2. To support this argument, Cigna offers the sworn declaration of Richard M. Lodi, Cigna's Senior Operations Representative. See Lodi Decl. ¶ 1. Lodi represents that "Cigna does not disseminate the P&P to the general public or to its competitors." Id. ¶ 17. Indeed, according to Lodi, the P&P is not even made available to all Cigna employees — only those employees within the "Disability Management Solutions" department. See id. ¶ 9; Release of Information from DMS Policies and Procedures (annexed as Ex. A to Lodi Decl.) ("Rel."), at 00105.

3

Authorized employees access the P&P "via the company's password-protected intranet system," wherein users "have a user identification number and password and must agree not to disclose their password to others." Lodi Decl. ¶ 4. The P&P itself states that it is "proprietary and confidential," id. ¶ 4; accord Rel. at 00103, and that Cigna employees should not distribute the P&P to anyone outside Cigna except for "limited sections of the P&P to claimants under limited circumstances," Lodi Decl. ¶¶ 4-5 (footnote omitted); see Rel. at 00103-04 (excerpt from the P&P outlining those limited circumstances). If Cigna does distribute information from the P&P in response to a claimant's request, it provides "only relevant information" as defined by its "Legal Referral Specialists" on a case-by-case basis. See Rel. at 00105.

As to the risk of injury to its business, Lodi avers that Cigna has "invested significant time and money in developing, maintaining and updating the P&P," which has occurred "over the course of many years, and at great expense." Lodi Decl. ¶¶ 4, 18. If the P&P were produced in this action without protection, Cigna contends that the P&P would likely become available to one of its competitors, which "could use that information to gain a competitive advantage by copying and implementing the[se] procedures," resulting in a "cost savings" for competitors and a "disadvantage for Cigna." Def. Mem. at 5-6; accord Lodi Decl. ¶ 18.

There is no factual record contradicting these assertions. Plaintiff's main argument in opposition to a protective order arises from the fact that Cigna has previously disclosed portions of the P&P in letters to claimants. Plaintiff has placed in the record letters sent by Cigna to various non-party claimants, in which certain paragraphs of the P&P were quoted. See Plaintiff's Reply Memorandum of Law in Further Support of Motion to Compel, filed Nov. 10, 2014 (Docket # 32) ("Pl. Second Mem."), at 13 & Ex. 2; Newfield Decl. ¶¶ 3-4 & Ex. A. Essentially, plaintiff argues that because Cigna has previously disclosed these paragraphs from

4

the P&P, no part of the P&P warrants protection here. See Pl. Opp'n at 1, 6. Cigna has undertaken a search for letters disclosing excerpts of the P&P and found that it has disclosed one or more portions of the P&P in 192 letters to claimants. See Lodi Decl. ¶ 11; accord Def. Mem. at 5. Analysis of these letters reveals that "only ten of the sections of the P&P that are at issue in this case have ever been disclosed to a claimant." Lodi Decl. ¶ 12; see Ex. C to Lodi Decl. (chart detailing the results of this analysis); Ex. D to Lodi Decl. (chart listing the sections of the P&P produced in this action and indicating whether they had been previously disclosed in letters to claimants).

    We are satisfied that the statements from Lodi show that Cigna takes reasonable steps to maintain the confidentiality of the P&P and that competitive harm would result from the disclosure of the P&P. The letters from Cigna to claimants that are in evidence contain what are merely excerpts from the P&P. See Lodi Decl. ¶¶ 5, 12; Pl. Opp'n at 4; Pl. Second Mem. at 13. Generally, these excerpts describe aspects of Cigna's evaluation of disability, staffing and referral of claims, and procedures for notification and documentation. See Ex. 2 to Pl. Second Mem. at 3-12, 14-17, 21-37;[2] Ex. A to Newfield Decl. at 3-7. Cigna represented in these letters that it was disclosing only those portions of the P&P that were relevant to its handling of the particular claim at issue. See Ex. 2 to Pl. Second Mem. at 2, 13, 20; Ex. A to Newfield Decl. at 3. Notably, while the P&P as a whole "contains hundreds of sections" and would be over 1,000 pages long if printed, Lodi Decl. ¶ 3, the portions of the P&P excerpted in the letters in evidence span only a few pages, see Ex. 2 to Pl. Second Mem. at 3-12, 14-17, 21-37; Ex. A to Newfield Decl. at 3-7. Thus, the portions of the P&P that were distributed to claimants in the letters are

---

[2] References to specific pages of this exhibit refer to the ECF-assigned pagination.

relatively circumscribed in content and comprise a relatively small percentage of the document as a whole. See Lodi Decl. ¶ 14. Cigna's conduct in sending these letters does not undermine its claim that the P&P as a whole is kept confidential.

Analogizing to attorney-client privilege, plaintiff argues that Cigna's dissemination of portions of the P&P to claimants has resulted in a "waiver" of its right to seek a protective order pursuant to Rule 26(c). See Pl. Opp'n at 4-6. But the correct test is not one of "waiver" but whether the unfettered disclosure of the sections of the P&P sought by plaintiff here would result in a "clearly defined, specific and serious injury" to Cigna  E.g., Qube Films, 2015 WL 109628, at *2 (citation omitted). Cigna's actions to limit distribution of the P&P — by circumscribing the P&P's dissemination among its own employees, by requiring those employees to access it with a secret password, and by explicitly limiting the circumstances in which select portions of the P&P are to be distributed to claimants — show that Cigna makes reasonable efforts to keep the P&P confidential, and that much of the P&P is, in fact, kept confidential. Thus, Cigna's disclosure of small portions of the P&P for the sole purpose of communicating its policies to claimants does not vitiate Cigna's claim to confidential treatment.[3]

The cases cited by plaintiff, see Pl. Opp'n at 2, 7, do not undermine this conclusion. Plaintiff cites to a statement in Levy, 2006 WL 3316849, at *2, that policy manuals of long-term disability insurers are "not regarded within the industry as sensitive or confidential materials that must be protected from disclosure to customers or competitors." See Pl. Opp'n at 7. In Levy,

---

[3] The attorney-client privilege analogy is inapt for another reason. Where a court finds that the attorney-client privilege has not been waived as to particular material, the effect is that the opposing party will never see that material. Here, by contrast, Cigna has already produced those portions of the P&P that plaintiff requested. See Def. Mem. at 1; Lodi Decl. ¶ 13; Ex. D to Lodi Decl. All that is at issue is whether plaintiff may use that material for purposes unrelated to this litigation.

the court made this observation based on evidence that UNUM Provident, an insurer that was not a party to the action but was "the industry leader," provided a copy of its manual "to any claimant who requests it." 2006 WL 3316849, at *2. The insurance company defendant in Levy, however, submitted "no affidavit from any person with knowledge of the insurance business articulating the basis for any claim of competitive injury" and "neither challenged plaintiff's factual assertions nor made any effort to cure its failure to submit evidence for its conclusory and unsupported claims" of protectability. Id. at 2 & n.2. Here, Cigna has produced uncontroverted evidence of the confidentiality of the P&P and the potential competitive injury that would arise from its disclosure. See Lodi Decl. ¶¶ 1-9, 14-18. Additionally, in Levy, the court considered the protectability of only those portions of the defendant's claims manual that the defendant "specifically admit[ted] that plaintiff is entitled to under ERISA and applicable Department of Labor Regulations," 2006 WL 3316849, at *2 (alteration, citation, and internal quotation marks omitted). Here, by contrast, plaintiff does not contest Cigna's claim that the portions of the P&P plaintiff seeks are not required to be disclosed by ERISA or federal regulations mandating disclosure. See Def. Mem. at 11. Moreover, the question before us is whether Cigna considered and kept its P&P confidential, not whether Cigna's competitors have historically maintained confidentiality of their own claims manuals. For these reasons, Levy is of no relevance here.

Other cases cited by plaintiff provide even less support for her argument. In Ulyanenko v. Life Insurance Co. of North America, 275 F.R.D. 179 (S.D.N.Y. 2011), there was no explanation as to why the insurance company's policies and procedures were ordered produced.[4]

---

[4] For what it is worth, an examination of the record in Ulyanenko shows that the request for a protective order had previously been denied as untimely and "unsupported by anything but

In Taaffee v. Life Insurance Co. of North America, 769 F. Supp. 2d 530 (S.D.N.Y. 2011), there is no indication that the defendant ever sought a protective order. Notably, courts in many instances have held that insurance companies' claims manuals may be subject to a protective order under Rule 26(c)(1)(G) or its predecessor. See, e.g., Takata v. Hartford Comprehensive Emp. Benefit Serv. Co., 283 F.R.D. 617, 620-22 (E.D. Wash. 2012); Cohen, 2003 WL 1563349, at *1, *3; Robertson v. Allstate Ins. Co., 1999 WL 179754, at *6 n.7 (E.D. Pa. Mar. 10, 1999); see also Hamilton v. Life Ins. Co. of N. Am., 2008 WL 4461936, at *2-5 (E.D. Ky. Oct. 1, 2008) (determining that a claims manual was entitled to protection under Rule 26 and analogous state law); Hamilton v. State Farm Mut. Auto. Ins. Co., 204 F.R.D. 420, 423-24 (S.D. Ind. 2001) (same).

While it is clear that requiring disclosure of the P&P without any restriction on its dissemination is unwarranted, the harder question is whether Cigna is entitled to a protective order for the portions of the P&P that it admits it has disclosed in letters to claimants in the past. See Ex. D to Lodi Decl.[5] Cigna has apparently disclosed some excerpts of the P&P to claimants in the past without any assurance that the claimants would keep the quoted portions of the manual confidential. See Def. Reply at 2 (referring to the "'contextual' protection" provided by the manner in which the letters disclosed excerpts from the P&P as "as effective, if not more so,

---

conclusory, unsworn statements of counsel." Order, dated July 30, 2010 (Docket # 42 in Ulyanenko v. Metro. Life Ins. Co., 09 Civ. 3513 (S.D.N.Y.)).

[5] We refer here only to those portions of the P&P disclosed to claimants that were not obtained by plaintiff outside the discovery process in this lawsuit. To the extent plaintiff or her counsel has obtained excerpts of the P&P from sources other than discovery in this matter, plaintiff may use them as she sees fit. See generally Bridge C.A.T. Scan Associates v. Technicare Corp., 710 F.2d 940, 945 (2d Cir. 1983) (Fed. R. Civ. P. 26(c) does not give the court authority to prohibit disclosure information that was not "obtained by means of discovery").

8

than a statement in the letter that the excerpts are proprietary."). And some claimants obviously have not kept the excerpts confidential, inasmuch as plaintiff's counsel has submitted examples of such letters in the briefing of this motion. See Ex. 2 to Pl. Second Mem.; Ex. A to Newfield Decl.

Cigna asserts that the disclosures in these letters were "accomplished in a manner that minimized the likelihood that the letters would be further disclosed, especially to Cigna's competitors," Def. Mem. at 9, because "the disclosures are made in letters that contain extensive discussion of the claimants' personal health information," id. at 1. Each letter "incorporate[s] quotations from the pertinent P&P sections into the body of the letter," which also contains "extensive detail about the claimant's medical condition and disability claim," and therefore, Cigna claims, "it [was] reasonable for Cigna to conclude that none of those letters would find their way into the hands of one of its competitors." Lodi Decl. ¶¶ 15-16; see Def. Reply at 2. In response, plaintiff points out that Cigna might have taken much greater efforts to ensure confidentiality — for example, by including language that Cigna considers the P&P proprietary and confidential. Pl. Opp'n at 3-4.

We conclude that Cigna's actions in providing claimants limited portions of the P&P that are relevant to its dealings with particular claims does not detract from Cigna's assertion of confidentiality. The limited nature of Cigna's disclosures must be considered in light of Cigna's efforts to maintain confidentiality of the P&P as a whole. There is no evidence that claimants are routinely disclosing the P&P excerpts. Thus, notwithstanding these limited disclosures, we are still persuaded that a "clearly defined, specific and serious injury will occur" should plaintiff be given the green light to disseminate publicly a compilation of all these individual disclosures. We note further that protective order sought imposes only the most minimal burden on plaintiff,

as it requires only that the materials be used only for this litigation. No request is being made for "attorney's eyes only" treatment or other arrangements that would significantly restrict plaintiff's counsel's conduct of this litigation.

IV.     CONCLUSION

Cigna's motion for a protective order (Docket # 49) is granted. Plaintiff shall not publicly disseminate the portions of the P&P produced by Cigna in this action and shall use these portions only for the prosecution of this action. The Court will separately issue an order that governs the use of this material.

SO ORDERED.

Dated: July 8, 2015
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge